ARTHUR P. Ross, also known as Arthur P. Rosenblatt,

*vs.*

SARAH ELLEN ELLIS.

*New Castle, July 9, 1954.*

534

*John J. DeLuca* and *Joseph A. Julian, Jr.,* of Wilmington, for plaintiff.

*William F. Lynch, II,* of Hering, Morris, James & Hitchens, of Wilmington, for defendant.

BRAMHALL, Vice Chancellor: Plaintiff seeks a decree that he and defendant are the owners as joint tenants of certain real estate in Brandywine Hundred, New Castle County, and State of Delaware.

In November of 1948, plaintiff and defendant purchased a residence known as 1006 Marion Avenue, Montrose Terrace. Since the parties were contemplating marriage it was agreed between them that title to the property should be taken in the name of both parties as joint tenants. The purchase price for the property was $8,900, of which $5,500 was in the form of a first mortgage. Defendant had been previously married and divorced. Some time after the transfer of the property legal action was brought by defendant's former husband in the Family Court of New Castle County for the custody of the minor child of defendant and her former husband. These hearings terminated the latter part of February, 1950.

On February 1, 1951 plaintiff and defendant conveyed the premises in question to a straw party, who then and there conveyed the property back to the defendant alone. The purpose of these deeds is disputed. Plaintiff contends that defendant requested the transfer in order to avoid any possible embarrassment which might be caused by her former husband, due to the fact that the title to the property was in the name of defendant and plaintiff, plaintiff and defendant not being married. Plaintiff also says that defendant agreed that after the marriage of plaintiff and defendant the property would be reconveyed to plaintiff and defendant as tenants by the entirety. Defendant says that she notified plaintiff that she was not going through with her

promise to marry plaintiff and requested that plaintiff convey to defendant the interest in the property standing in his name. She stated that plaintiff agreed to this and agreed to waive any financial interest which he might have had therein.

The amount which plaintiff invested in the property before and after its purchase is also in dispute. There is also a disagreement as to whether or not the payments on account of the interest on the mortgage with the charges for utilities was paid by plaintiff or defendant. According to plaintiff he continued to make such payments on the property until November of 1953. Plaintiff contends that when it became apparent that the parties were not going to be married, defendant promised to sell the house in the spring of 1954 and give to plaintiff his share or interest therein.

Does defendant hold plaintiff's interest in trust for plaintiff's benefit? Plaintiff is endeavoring to impress a trust upon the property in question by parol evidence. In order for plaintiff to succeed his proof must be clear, full, and satisfactory. *Hall v. Livingston, 3 Del.Ch. 348; Pierson v. Pierson, 5 Del.Ch. 11; Rentoul v. Sweeney, 15 Del.Ch. 302, 137 A. 74; Sadowski v. Rykaczewski, 17 Del.Ch. 29, 147 A. 249.* The evidence rests entirely upon the testimony alone of plaintiff and defendant. However, there are certain undisputed facts which are helpful. It is admitted by the parties that they were contemplating marriage, and that it was because of that fact that the property was put in both names. It is evident from their testimony that they contemplated holding the property after their marriage as tenants by the entirety and that in having the property deeded to them as joint tenants the amount of the interest which each had therein was unimportant. I conclude therefore that it was the understanding of the parties that each was to have an equal interest in the property. I am therefore not concerned with the amount which each put in the property before or after the conveyance.

The testimony of the parties with reference to the payments made subsequent to the conveyance of the real estate becomes important in determining the issue of fact here involved. Plaintiff contends that he paid the mortgage interest and sometimes taxes and water rent until

1953. Defendant says that she paid them and that plaintiff never made any such payments. Neither plaintiff nor defendant were able to present any cancelled checks or receipts for any of these payments. Nevertheless, I cannot accept defendant's testimony in this respect. Plaintiff testified without contradiction that he had a substantial income for a number of years prior to and including the time of his relationship with defendant. Defendant admittedly had no source of income whatsoever other than that supplied by plaintiff with the exception of small sums of money paid at irregular intervals by her father. According to her own testimony it would have been impossible to have made these payments and still continue to support herself and child. I therefore accept plaintiff's testimony that he made the payments on the house until some time in 1953.

Defendant testified that she informed plaintiff in 1949 that she was not going through with the marriage arrangements. Having found that plaintiff made payments on the house until 1953, it is inconceivable to me that plaintiff would continue to make these payments for a period of nearly four years after he had learned that the marriage arrangement originally agreed upon was not to be carried into effect. I had the opportunity of observing plaintiff and defendant on the witness stand. The testimony of plaintiff seemed to be truthful and straightforward. I was not impressed by the testimony of defendant. I therefore cannot accept her version as to the different events which transpired between plaintiff and defendant. Her testimony that plaintiff voluntarily gave up his interest in the property at the time he executed the deed is unacceptable in view of the continued interest which I find plaintiff evidenced in defendant and in the property after that time. I therefore find that defendant at the time that she persuaded plaintiff to execute the deed which gave her sole title to the property intended to deprive plaintiff of his interest therein.

█ I conclude that a trust should be impressed upon the property in question in favor of the plaintiff for an undivided one-half interest therein.

Order on notice in accordance with this opinion.